ANN CRANSTON, as Administratrix, etc., Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

It is incumbent upon the party holding the affirmative of the issue on trial of a civil action, to satisfy the jury, by a preponderance of evidence, of the facts upon which his case depends ; if he fails to do this, the opposite party is entitled to a verdict.

Upon the trial of an action to recover damages for alleged negligence, after the jury had retired they came back into court, and one of them stated there was no probability of their agreeing. The court refused to take the statement, saying to the jury, "you must get together," adding : "No juror ought to remain entirely firm in his own conviction one way or the other until he has made up his mind beyond all question that he is necessarily right and the others necessarily wrong." *Held* error ; that jurors who were not satisfied by the evidence, of the truth of plaintiff's allegations, were justified in refusing for that reason to find a verdict in her favor, although they had not made up their minds beyond all question that they were necessarily right and the others necessarily wrong.

*Cranston* v. *N. Y. C. & H. R. R. R. Co.* (39 Hun, 308), reversed.

(Argued November 29, 1886; decided December 17, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order

made February 11, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 39 Hun, 308.)

This action was brought to recover damages for alleged negligence causing the death of David Cranston, plaintiff's intestate, who was killed while crossing defendant's road, the wagon in which he was riding having been struck by an engine attached to a train passing on said road.

The facts, so far as material to the question discussed, are stated in the opinion.

*Edgar L. Fursman* for appellant. The testimony of Butler being uncontradicted, unimpeached and probable in itself, neither the court nor jury had a right to disregard it. (*Newton* v. *Pope*, 1 Cow. 109 ; *Dolson* v. *Arnold*, 10 How. 528.) The court erred in substantially instructing the jury that, under the circumstances of this case, it was not contributory negligence in the deceased to omit to look and listen for the train, unless the defendant proved affirmatively that if he had looked and listened he could have heard it. (*Salter* v. *Utica & B. R. R. R. Co.*, 75 N. Y. 273 ; *Adolph* v. *Central Park, etc.*, 76 id. 530–534.) The party seeking to recover must affirmatively show himself free from negligence. (*Reynolds* v. *N. Y. C. R. R. Co.*, 58 N. Y. 248 ; *Cordell* v. *N. Y. C. R. R. Co.*, 75 id. 330 ; *Hale* v. *Smith*, 78 id. 480–483.) It was not sufficient to show that the accident might have happened had he looked and listened. (*Weber* v. *N. Y. C. R. R.*, 58 N. Y. 451.) The instruction of the court coupled with the declaration that it could not take the statement of the jury, that there was "no probable chance" of agreement, and that they "*must* get together," amounted to coercion. (*Green* v. *Talfair*, 11 How. 260 ; *Slater* v. *Mead*, 53 id. 57.)

*R. A. Parmenter* for respondent. Upon the evidence the question touching the negligence of the defendant in the management of the train at the time of the homicide was plainly one of fact for the jury. (*Barry* v. *N. Y. C., etc., R. R. Co.*, 92 N. Y. 288, 293–5 ; *Byrne* v. *Same*, 36 Hun, 647 ; *Remer*

v. *Long I. R. R. Co.*, id. 253–5; *Payne* v. *Troy & B. R. R. Co.*, 83 N. Y. 572; *Jones* v. *Utica & B. R. R. R. Co.*, 36 Hun, 118–119.) The question of contributory negligence on the part of the intestate was also one of fact for the jury. (*Smedis* v. *Brooklyn & R. R. R. Co.*, 88 N. Y. 13; *Kellogg* v. *N. Y. C., etc.*, 79 id. 73; *Stackus* v. *N. Y. C., etc.*, id. 467; *Wabash, etc., R. Co.* v. *Century T. Co.*, 32 Alb. Law Jour. 96; *Shaw* v. *Jewett*, 86 N. Y. 616; *Massoth* v. *Del. & Hudson Canal Co.*, 64 id. 529; *Thurber* v. *Harlem, B. M. & F. R. R. Co.*, 60 id. 331; *Fitzpatrick* v. *N. Y., N. H. & Hart. R. R. Co.*, 48 Supr. Ct. 539–40; 99 N. Y. 649.) It was not improper for the plaintiff to prove as a matter of fact what was done or omitted to be done by the defendant in connection with the maintenance and management of the railroad in the vicinity of the place of the accident. (*Houghkirk* v. *Del. & Hudson Canal Co.*, 92 N. Y. 219, 227; *Winne* v. *Tousley*, 36 Hun, 190.) The defendant's exception to the remark by the trial judge to the jury in answer to the suggestion by one juror that there was no probable chance of an agreement upon a verdict, "that they must get together," was not well taken. (*Erwin* v. *Hamilton*, 50 How. Pr. 32.) The pretended error cannot be raised on exception to the charge, but only by special motion to set aside the verdict. (*Caldwell* v. *N. J. Steamboat Co.*, 47 N. Y. 282, 298, 299; *Daly* v. *Byrne*, 77 id. 190–191; *Ginna, Admr., etc.,* v. *Second Ave. R. R. Co.*, 67 id. 597.)

RAPALLO, J. It is a serious question whether the uncontroverted evidence did not disclose a want of the care and caution which the law required of the plaintiff's intestate in approaching so dangerous a crossing as that at which he lost his life, and whether a nonsuit should not, therefore, have been ordered; but we need not discuss that question, as the case contains an exception which we are all agreed is well taken, and requires a reversal of the judgment and a new trial. After the jury had retired to consider their verdict, they came into court, and one of them stated that there was no probability of their agreeing. To this the court replied as follows: "I can't take any such

statement as that, gentlemen; you must get together upon a matter of this kind." He then added, " no juror ought to remain entirely firm in his own conviction one way or another, until he has made up his mind, beyond all question, that he is necessarily right and the others are necessarily wrong." To this statement the defendant's counsel excepted. The jury thereupon brought in a verdict for the plaintiff.

We are of opinion that the instruction excepted to was not a correct statement of the law. It was incumbent upon the party holding the affirmative of the issue, who in this case was the plaintiff, to satisfy the jury, by a preponderance of evidence, of the facts upon which her right to recover depended. If she failed to do so the defendant was entitled to a verdict. The jurors who were not satisfied by the evidence, of the truth of the plaintiff's allegations, were justified in refusing, for that reason, to find a verdict in her favor, although they might not have made up their minds beyond all question that they were necessarily right, and that those who were in favor of finding a verdict for the plaintiff were necessarily wrong. To sustain this instruction would be to cast upon the defendant, in a civil action, a burden quite as heavy as that which rests upon the prosecution in a criminal case, and perhaps still more onerous. If the evidence was so clear as to lead to a conclusion with the degree of certainty required by the charge, there was nothing to submit to the jury, and it was the duty of the court either to direct a verdict or to nonsuit the plaintiff.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.